UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WHEELER,<br><br>  Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY HOME INSURANCE COMPANY,<br><br>  Defendant. | Case No. 20-cv-01502-JSW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REGARDING DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 45, 52-57 |

This matter comes before the Court upon consideration of the motion for leave to amend to file a Third Amended Complaint filed by Plaintiff James Wheeler ("Mr. Wheeler"), as well as two discovery disputes regarding re-opening Mr. Wheeler's deposition and to compel Yolanda George to appear for her deposition. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY GRANTS Mr. Wheeler's motion for leave to amend. The Court DENIES, AS MOOT, the discovery dispute regarding Mr. Wheeler's deposition in light of its ruling on the motion for leave to amend. The Court RESERVES ruling on the dispute regarding Ms. George's deposition.

The parties did not submit a joint letter brief on the discovery disputes as required by this Court's Standing Orders, and due to an apparent mistake regarding email addresses, the Court received three letters per dispute on this issue. Defendant's request for a telephonic conference regarding those disputes is DENIED.

The Court admonishes the parties that the Northern District Civil Local Rules define the term meet and confer as follows:

> "Meet and confer" or "confer" means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge

> otherwise orders, such communication may take place by telephone. *The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to "meet and confer" or to "confer."* Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.

## BACKGROUND

This is an insurance dispute between Mr. Wheeler and American Family Home Insurance Company ("AFH"). On January 17, 2020, Mr. Wheeler filed his original complaint in Contra Costa County Superior Court, asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing. The case was removed to this Court and, after an attempt at resolving the matter failed, on November 3, 2020, Mr. Wheeler filed his First Amended Complaint ("FAC"), by consent. In the FAC, Mr. Wheeler added claims for fraud and negligent misrepresentation, and he added a defendant, Mark McQuitty. Mr. McQuitty is one of AFH's employees and is alleged to have made representations forming the basis of Mr. Wheeler's fraud claims.

On December 11, 2020, the Court granted the parties' stipulation to file a Second Amended Complaint ("SAC"), in which Mr. Wheeler removed Mr. McQuitty as a defendant. Mr. Wheeler now seeks leave to amend only to add factual allegations supporting the claims.

In the discovery disputes, AFH seeks to re-open Mr. Wheeler's deposition in order to query him on the new allegations. They also ask the Court to compel Yolanda George, Mr. Wheeler's ex-fiancée, to appear for a deposition on the basis that she has information about a prior claim that is discussed in the SAC and in the proposed Third Amended Complaint ("TAC").

The Court will address additional facts as necessary in the analysis.

**A.   The Court Grants Mr. Wheeler' Motion for Leave to Amend and Will Re-open His Deposition.**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right any time before a responsive pleading has been served. Once a responsive pleading has been served, however, the amendment requires written consent of the adverse party or leave of the court, and leave "shall be freely given when justice requires." Fed. R. Civ. P. 15(a). "Rule

15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted).

The Court considers five factors to determine whether it should grant leave to amend: "'(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,]'" and (5) whether the moving party previously amended a pleading. *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (listing the first four factors as factors to be considered). Each factor is not given equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Absent prejudice, or a strong showing of any of the remaining … factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original).

However, once a court has entered a scheduling order, the standards set forth in Rule 16 apply, and a court can modify the scheduling order only for good cause. Fed. R. Civ. P. 16(b)(4). Under Rule 16, a court's inquiry should focus on a party's diligence. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the moving party fails to show diligence, the inquiry should end. *Id.*

Mr. Wheeler seeks leave to amend pursuant to Federal Rule of Civil Procedure 15. On May 22, 2020, the Court issued an Order Scheduling Trial and Pretrial Matters, but it did not expressly set a deadline for leave to amend pleadings. Discovery is set to close on April 5, 2021. It is not clear whether a scheduling order must include a deadline for motions to amend the pleadings to trigger the application of Rule 16. *Compare Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, No. 06-cv-3359-JF-RS, 2009 WL 667171, at *1 n.2 (N.D. Cal. Mar. 10, 2009) (opining Rule 16 "likely" applies where scheduling order did not set deadline for amended pleadings but set deadlines for dispositive motions which "assume closure of the pleadings") *with Moreno v. Autozone, Inc.*, No. 05-cv-4432-MJJ, 2007 WL 1063433, at *8 (N.D. Cal. Apr. 9, 2007) (applying Rule 15 where court did not formally approve proposed order submitted with joint case management statement). Assuming Rule 16 applies, the Court concludes Mr. Wheeler has just

3

met his burden to show good cause for the late amendments to the pleadings.

With respect to the Rule 15 factors, AFH does not argue the amendments would be futile. It does appear that at least some of the facts at issue would have been within Mr. Wheeler's knowledge at the time he filed his original complaint. Mr. Wheeler has attested through counsel that some of the new allegations are based on facts he obtained when AFH produced prior claim files on December 29, 2020. Although Mr. Wheeler does not explain the delay between the date he received the files and the date of filing the motion, the Court concludes that the delay involved does not merit denying the motion. The Court also cannot conclude the record shows he has engaged in bad faith.

AFH's opposition to the motion is based primarily on alleged prejudice. AFH deposed Mr. Wheeler on September 28, 2020. By that time, he had moved for leave to amend his complaint to include the fraud and negligent misrepresentation claims. Indeed, on September 24, 2020, the parties filed a joint notice addressing how they intended to resolve the motion for leave to amend. Thus, at the time he was deposed, AFH was on notice that those claims and of the basic facts underlying those claims. However, to alleviate any prejudice it may suffer based on the latest amendment, *which shall be final*, the Court will allow Mr. Wheeler's deposition to be re-opened for the balance of the seven hours allowed under the Federal Rules. That deposition shall take place by no later than April 30, 2021. The Court reserves the right to consider whether AFH should bear the cost of that deposition. In light of this ruling, the Court DENIES AS MOOT AFH's letter brief on this issue.

**B.  The Court Reserves Ruling on the Discovery Dispute Regarding Ms. George's Deposition.**

AFH also asks the Court to compel Yolanda George to appear for her deposition. Although Mr. Wheeler's counsel has responded to that request and sets forth several procedural objections, he clearly advised AFH that he does not represent Ms. George. Unless he intends to represent her at a deposition, the Court shall not consider his procedural objections to the deposition subpoena. However, the Court does require further proof that Ms. George, rather than her sister, was served with the deposition notice. By no later than April 6, 2021, the parties shall

4

meet and confer by videoconference on this issue, and shall file a joint certification that they have done so by April 9, 2021. If the parties are not able to resolve the question of service, the parties shall submit a joint statement regarding service by April 9, 2021.

The Court will extend the deadline to complete fact discovery regarding Ms. George beyond the April 5, 2021 deadline so that this dispute may be resolved.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Wheeler's motion for leave to file the proposed Third Amended Complaint. Mr. Wheeler shall file the TAC by no later than April 5, 2021, and AFH shall answer or otherwise respond by April 26, 2021. Because the Court is re-opening Mr. Wheeler's deposition on a limited basis in light of that ruling, the Court DENIES AFH's discovery brief on his deposition as moot, and it reserves ruling on the dispute regarding Ms. George's deposition.

**It is FURTHER ORDERED that going forward, if any party submits a dispute following a "meet and confer" the parties must include the date, time and method of the meet and confer process. The Court will not resolve any dispute that is presented after a meet and confer process that is not conducted in person, by video conference, or by telephone.**

**IT IS SO ORDERED**.

Dated: March 29, 2021

_____
JEFFREY S. WHITE
United States District Judge