1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10 San Francisco Division

11 | JAMES WHEELER, | Case No. 20-cv-01502-JSW (LB)
12 | Plaintiff, |
13 | v. | **DISCOVERY ORDER**
14 | AMERICAN FAMILY HOME | Re: ECF Nos. 53, 59, 63–65
15 | INSURANCE COMPANY, |
16 | Defendant. |

17    The parties have several discovery disputes. The court can decide them without oral argument.

18 N.D. Cal. Civ. L. R. 7-1(b).

19    Issue one (raised in ECF Nos. 53, 59, and 63) is the deposition of Yolanda George, who is the

20 plaintiff's ex-fiancé. AFH wants to depose her. The plaintiff's attorney also represents Ms.

21 George. He contends that because AFH did not serve her personally, the court should quash the

22 subpoena. AFH tried to serve her, one time serving her sister and the second time trying to serve

23 her as she left her house in her car.[1] The court is confident that the parties can do better. Generally,

24 when someone is represented and stands on personal service, the parties confer on a time to serve

25 the subpoena because Rule 45(b)(1) requires "delivering a copy to the named person." Ms. George

26

27

28 [1] Letter Brief – ECF No. 63 at 1–6; Letter Brief – ECF No. 65 at 6.

ORDER – No. 20-cv-01502-JSW

United States District Court
Northern District of California

describes the attempt to serve her as frightening,[2] and likely it was. But that can be avoided if her lawyer cooperates with opposing counsel. And given that the plaintiff's lawyer is representing Ms. George too, it seems that the parties have a mutual interest in not elevating this issue to the trial court. The court thus directs the parties to confer within one week to either come up with a reasonable plan for service or for Ms. George to waive service to avoid the issues that are described in the letter brief. If they cannot resolve the dispute, they must file a new letter brief on May 4, 2021 that has their respective positions, and the court may schedule a case-management conference on May 6, 2021.

Issue two involves AFH's subpoena to the plaintiff's music label New Money. In response to an email, the plaintiff's counsel responded that he did not intend to reply to AFH's position on the dispute.[3] Given that the plaintiff owns the company, responding to the dispute is mandatory. The court denies the motion without prejudice to the parties' refiling a joint letter. The court's standing order for discovery disputes has a timeline for disputes that prevents a recalcitrant party from stonewalling during the meet-and-confer process and delaying the airing of any dispute.[4]

Issue three involves the sufficiency of the plaintiff's responses to interrogatories and AFH's requests for production of documents.[5] The plaintiff must have some records (or an ability to supplement his recollection) of the music video filmed in September 2018, the garaging of the car in 2018, and the March 2019 video that was never filmed. As AFH points out, the plaintiff is not supposed to respond "off the top of his head" and instead must act diligently and, if necessary, review other sources before providing his responses. *Embotelladora Electropura S.A. de C.V. v. Accutek Packaging Equip. Co. Inc.*, No. 16-cv-0724-GPC (DHB), 2017 WL 1550048, at *3 (S.D. Cal. May 1, 2017). The court orders the plaintiff to exert some due diligence (such as contacting the body shop, talking to others about the music videos, reviewing his text messages and emails, and establishing that he is at least trying to provide more robust answers). He then must provide

---

[2] Letter Brief – ECF No. 63 at 5.

[3] Letter Brief – ECF No. 64 at 1, 4; Ex. F to *id.* at 22–23.

[4] Order – ECF No. 67.

[5] Letter Brief – ECF No. 65 at 2–3, 5–6.

amended answers (even if he can add no additional detail). *See id.* The court orders production of the financial records under a protective order to address any privacy concerns.[6] The deadline for the supplemental responses is four weeks from today. As to AFH's request to inspect the computer and old cell phones, the plaintiff does not have them.[7] There is no relief that the court can order. (The plaintiff in any event has an obligation to produce responsive information in his possession.) As to attorney's fees, the plaintiff is producing his retainer agreement. AFH otherwise does not cite any authority about producing counsel's billing records to support any fees claim. The court denies further discovery without prejudice to AFH's raising the issue with a more robust argument. If it does, it should provide information about what the retainer agreement says.

**IT IS SO ORDERED.**

Dated: April 23, 2021

_____

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

---

[6] *Id.* at 3 (collecting cases).

[7] *Id.* at 7.

ORDER – No. 20-cv-01502-JSW                3